

# NUMBER 13-13-00686-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF J.P.M., A CHILD

## On appeal from the County Court of Law No. 1
## of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Rodriguez**

Appellant C.H. appeals the trial court's judgment terminating her parental rights

with respect to J.P.M., a child.[1]   We affirm.

---

[1] We will refer to the appellant as C.H. and her child as J.P.M., in accordance with rule of appellate procedure 9.8.   *See* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

## I. COMPLIANCE WITH *ANDERS*

Appellant's court-appointed appellate counsel has filed a brief in which he states "this appeal presents no issues of arguable merit" and has requested that this Court permit him to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 774–45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an Anders-type brief."). In his brief, counsel addresses whether the evidence presented at trial supported the termination of the parent-child relationship between C.H. and J.P.M., including (1) whether appellant engaged in conduct or knowingly placed her child with persons who engaged in conduct that endangers the physical or emotional well-being of J.P.M., *see* TEX. FAM. CODE ANN. § 161.001(1)(E) (West, Westlaw through 2013 3d C.S.); (2) whether appellant failed to comply with the provisions of the court order that set out what actions were necessary for her to obtain the return of J.P.M., *see id.* § 161.001(1)(O); and (3) whether termination was in J.P.M.'s best interest. *See id.* § 161.001(2). After reviewing the record, counsel concludes "that this appeal presents no issues of arguable merit and that the evidence presented at trial supports the termination of the parent-child relationship between the child and C.H." Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points

of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).[2]

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has demonstrated that he has complied with the requirements of *Anders* by examining the record and finding no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and his request to withdraw on appellant, and (3) informing appellant of her right to review the record and to file a pro se response.[3] More than an adequate time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

---

[2] The State has not filed a brief. Instead, the State responded to the *Anders* brief by acknowledging that counsel for appellant concluded that the appeal was frivolous and without merit and informing us that it would not file an appellee's brief unless necessary after reviewing any pro se response or upon order of this Court.

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.    *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.).   We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.    *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel asks this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, we order counsel to send a copy of the opinion and judgment to appellant and to advise appellant of her right to pursue a

4

petition for review in the Texas Supreme Court.[4]   *See In re K.D.*, 127 S.W.3d 66, 68 n.3

(Tex. App.—Houston [1st Dist.] 2003, no pet.).


                                              NELDA V. RODRIGUEZ
                                              Justice

Delivered and filed the
17th day of April, 2014.

_____

[4] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review.  Any petition for review must be filed with the Texas Supreme Court clerk within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration.  *See* TEX. R. APP. P. 53.7(a).  Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure.  *See id.* at R. 53.2.